NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Peter DIPIETRO and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Acting Governor Christopher CHRISTIE, et al.<br><br>Defendants. | Civ. No. 15-1441<br><br>**OPINION** |

THOMPSON, U.S.D.J.

    This matter has come before the Court on the application of *pro se* Plaintiff Peter DiPietro ("Plaintiff") to proceed *in forma pauperis* ("IFP"). (Doc. No. 1). The Court has reviewed the IFP application and the Complaint. (*Id.*). Although the Court will grant Plaintiffs' application to proceed IFP, the Court will dismiss the Complaint for violating the injunction preventing Plaintiff from filing cases in the District of New Jersey relating to his 2000 New Jersey state court divorce and child custody case without prior permission of the Court. *See DiPietro v. Morisky*, 1:12-cv-02338, at 5 (D.N.J. Jan. 3, 2013).

## BACKGROUND

    Plaintiff states a host of claims against over seventy defendants, including Governor Christie, the New Jersey Senate President, the United States District Court, the State of New Jersey, the United States of America, and various other individuals. These claims all pertain in some way to Plaintiff's divorce and child custody proceedings in

New Jersey state court.  (*See* Doc. No. 1, Compl., at 15) ("All named Defendant [*sic*] are involved in the initiation and ongoing State of Jersey Family Court Action against Plaintiff.")  Plaintiff has a long history of litigating issues surrounding his divorce and child custody cases in both state and federal court.[1]  On January 3, 2013, an injunction was entered against Plaintiff in the case *DiPietro v. Morisky* stating that Plaintiff is "enjoined from filing any claims in [the District of New Jersey] relating to his 2000 New Jersey state court divorce and child custody case without prior permission of the Court." *See DiPietro v. Morisky*, 1:12-cv-02338, at 5 (D.N.J. Jan. 3, 2013).

Plaintiff's Complaint and his IFP application were submitted to the Court on February 25, 2015.  (Doc. No. 1).  On March 31, 2015, the Court received a letter from Mr. Patrick Madden, counsel for Defendant Gloucester County Sheriff's Department, informing the Court of the injunction against Plaintiff entered in *DiPietro v. Morisky*. (Doc. No. 3).  On April 7, 2015, Plaintiff submitted a letter to the Court claiming that his Complaint was mishandled because it was a *qui tam* action that should have been filed in camera under seal, and thus the Gloucester Sheriff's Department should not have been able to access the Complaint.  (Doc. No. 4).  However, Plaintiff made no arrangements to file his Complaint in camera, nor did he file a notice of motion along with his Complaint. Additionally, he did not indicate on his Complaint, the Civil Cover Sheet thereto, or his IFP Application that the Complaint should be filed under seal or that he was pursuing *qui tam* claims.  The only references to the False Claims Act appear on pages 29–31 of his 79

---

[1] *See, e.g.*, *DiPietro v. Morisky*, 1:12-cv-02338 (D.N.J. Jan. 3, 2013); *DiPietro v. NJ Family Support Payment Ctr*, 3:08-cv-4761 (D.N.J.); *DiPietro v. NJ Family Support Payment Ctr*, 09-cv-3022 (3d Cir.); *Dipietro v. Gloucester Cnty Sheriff's Dept.*, 1:11-cv-0587 (D.N.J.); *DiPietro v. Landis Title Co.*, 1:11-cv-05110 (D.N.J.); *DiPietro v. Senula*, 1:12-cv-00189 (D.N.J.); *DiPietro v. Newfield Nat'l Bank*, L-001651-10 (N.J. Super.); *DiPietro v. Vassallo*, L-1583-09/A-5207-09T1 (N.J. Super).

page Complaint, and even there he makes no mention of the fact that his Complaint should be sealed. The first time that Plaintiff raised the issue of his Complaint being filed in camera under seal was his April 7, 2015 letter.

## DISCUSSION

In considering applications to proceed IFP, the court generally engages in a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Second, the court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *See id.*

1. **Application to proceed** *in forma pauperis*

The filing fee for a civil case in the United States District of New Jersey is $350.00, with an additional $50.00 administrative fee. To avoid paying these fees, a plaintiff may submit an application to proceed IFP pursuant to 28 U.S.C. § 1915. "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (citations omitted). A litigant need not be "absolutely destitute" to qualify. *Mack v. Curran*, 457 F. App'x 141, 144 (3d Cir. 2012) (citations omitted).

It appears from the application that Plaintiff has very few assets and does not have any regular source of income. Upon review, Plaintiff has shown sufficient economic disadvantage to proceed IFP.

### 2. Dismissal under 28 U.S.C. § 1915(e)

Having granted Plaintiffs' application to proceed IFP, the Court must screen the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. § 1915(e), which directs courts to dismiss any claim that "is frivolous or malicious" or "fails to state a claim upon which relief may be granted." Plaintiff himself admits that all the claims in his Complaint pertain to his state court divorce and child custody cases. Plaintiff has been enjoined from filing any such claims without prior permission from the Court. Plaintiff did not seek or receive prior permission from the Court to file this Complaint. Therefore, Plaintiff's claims must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii), and relief will not be granted upon them.

Plaintiff's arguments about the mishandling of his *qui tam* claims are misguided and ultimately inconsequential as to the dismissal of the Complaint. As an initial matter, it is worth pointing out that Plaintiff's *qui tam* claims appear meritless and devoid of the essential elements of such a cause of action. Plaintiff's Complaint is primarily focused on his divorce and child custody proceedings. Furthermore, as the Second Circuit explained in *U.S. ex rel. Pilon v. Martin Marietta Corp.*, it is the relator's obligation to make sure that a *qui tam* complaint is filed in camera under seal. *U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998–1000 (2d Cir. 1995). In that case, the Second Circuit found that the plaintiffs' failure to take steps to ensure compliance with the same requirements under 31 U.S.C. § 3730(b)(2) that Plaintiff discusses in his letter was grounds for dismissal of their *qui tam* action with prejudice. *Id*. There, the plaintiffs also did not file a notice of motion or make other arrangements for in camera filing, as Plaintiff failed to do here. *Id*. at 997. However, the *Pilon* plaintiffs did at least tell the

court clerk that they were filing a *qui tam* action and that there were requirements regarding sealing the case. *Id*. Even that step was insufficient to meet the requirements of 31 U.S.C. § 3730(b)(2); the Second Circuit instructed that the plaintiffs should have submitted the complaint in a sealed envelope and indicated on the complaint itself that it was to be filed under seal. *Id*. Here, Plaintiff took none of those steps, nor did he make any attempt to tell the docket clerk that his Complaint contained a *qui tam* component and should be sealed. Accordingly, no court employee has taken any improper action with regard to Plaintiff's Complaint, and, were he not enjoined from filing the Complaint, his *qui tam* claims would be dismissed because of his failure to comply with the procedural steps of 31 U.S.C. § 3730(b)(2).

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's application to proceed IFP and dismiss the Complaint. An appropriate order will follow.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date: April 9, 2015